UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RONALD E. FILSON                                    CIVIL ACTION

VERSUS                                              NO:      09-7451

TULANE UNIVERSITY, KENNETH                          SECTION: "N" (4)
SCHWARTZ, MICHAEL BERNSTEIN AND
XYZ INSURANCE

### ORDER

Before the Court is an unopposed **Motion to Fix Attorneys Fees Pursuant to Court Order of July 30, 2010** (**R. Doc. 26**) filed by Defendants, The Administrators of the Tulane Educational Fund (incorrectly designated by Plaintiff as "Tulane University"), Kenneth Schwartz, and Michael Bernstein (collectively, "the Defendants") in compliance with the Court's **Order (R. Doc. 23)**, which granted Defendant's Motion to Compel Discovery. (R. Doc. 14.). The motion was heard with oral argument on Wednesday, June 23, 2010.

### I.      Factual Summary

The Defendants propounded discovery on Plaintiff, Ronald Filson ("Filson") on March 31, 2010. Filson's responses were due no later than April 30, 2010, but were not provided timely by the Plaintiff. In his response to the Defendants' Motion to Compel, Filson asserted that the motion was moot because Filson provided his answers on June 15, 2010. The Defendants filed a supplemental memorandum contending that while Filson did provide responses on June 15, 2010, his responses were "woefully deficient." The undersigned granted the Defendants' Motion to

Compel on July 30, 2010. The Court ordered the award of attorney's fees and costs in connection with Filson's failure to comply. The Defendants now seek an award of $2,768.00 in attorney's fees and costs related to the motion to compel.

## II.     Standard of Review

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* The lodestar is presumed to yield a reasonable fee. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). After determining the lodestar, the court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)[1]. The court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications. *See Watkins v. Fordice*, 7 F.3d 453 (5th Cir. 1993). However, the lodestar should be modified only in exceptional cases. *Id.*

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

---

[1] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-719.

**III.	Analysis**

    **A.	Calculating a Reasonable Hourly Rate**

The fee application submitted by Defendants seeks to recover fees for services rendered by Phelps Dunbar, LLC. Particularly, Defendants seek fees for work done by Nan Alessandra, a partner, at a rate of $250.00 per hour, MaryJo Roberts, an associate attorney, at a rate of $160.00 per hour, and Pam Picciola, a paralegal, at a rate of $120.00 per hour. (R. Doc. 26-2, p. 6.) The total amount of hours billed for work on the motion to compel was 17 hours for a total of $2,768.00 in fees.[2]

Attorney's fees, including compensation for both attorneys and paralegals, must be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 (1984); *see also Missouri v. Jenkins,* 491 U.S. 274, 287 (1989). The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *See NAACP v. City of Evergreen,* 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896, n. 11. However, mere testimony that a given fee is reasonable is not satisfactory evidence of a market rate. *See Hensley*, 461 U.S. 427, 439, n. 15 (1983).

Rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances. The weight to be given to the opinion evidence is affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity

---

[2]The Defendants seeks a total of $200 for .8 hours billed by Nan Alessandra, $2,496.00 for 15.6 hours billed by MaryJo Roberts and $72.00 for .6 hours billed by Pam Picciola.

of case and client, and breadth of the sample of which the expert has knowledge. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988); *see also White v. Imperial Adjustment Corp.*, No. 99-03804, 2005 WL 1578810, at *8 (E.D. La. Jun. 28, 2005) (recognizing that attorneys customarily charge their highest rates only for trial work, and lower rates should be charged for routine work requiring less extraordinary skill and experience).

Where "an attorney's customary billing rate is the rate at which the attorney requests the lodestar to be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed. When that rate is not contested, it is *prima facie* reasonable." *La. Power and Light*, 50 F.3d at 328.

### a. Pam Picciola

Defendants did not include a separate affidavit for Pam Picciola's paralegal work. Instead, information regarding her billing rate, number of hours worked on the file, and years of experience were addressed in Nan Alessandra's affidavit. Specifically, Picciola has over twenty (20) years of experience. She contends that she spent .6 hours on the matter and she bills at a rate of $120.00 per hour. Her educational background was not addressed.

Although it is appropriate to seek fees for a paralegal's work on a file, "[t]he applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates." *Cater v. Fidelity Nat'l Ins. Co.*, No. 07-4619, 2009 WL 35342, at *2 (E.D. La. Jan. 6, 2009) (Roby, J.) (citing *NAACP v. City of Evergreen*, 812 F.2d 1332, 1338 (11th Cir. 1987)). The Court notes that the movant failed to present proof that Picciola's rate is in line with the prevailing market rate. However, this Court has awarded fees to a paralegal despite the fact that an affidavit was not included, when the Court knew how many years of experience the paralegal had. *See Gulf*

*Coast Facilities Mngmt., LLC v. BG LNG Servs., LLC,* 2010 WL 2773208 (E.D. La. July 13, 2010)(Roby, J.).

Case law in this area indicates that a rate between $55.00 and $65.00 per hour is reasonable for a paralegal. *Yousuf v. UHS of De la Ronde, Inc.,* 110 F.Supp.2d 482, 491 (E.D. La.1999) (holding that $55.00 per hour granted for services of paralegal); *Chevron U.S.A., Inc. v. Aker Maritime Inc.,* No. 03-2027, 2008 WL 594650, at *9 (E.D.La. Jan.2, 2008) (awarding $65.62 per hour for paralegal services); *Wells v. Regency Hospital Co.,* No. 07-3775, 2008 WL 5273712, at *3 (E.D. La. Dec.15, 2008) (Roby, J.)(holding that $115 per hour was excessive rate for paralegal's time on motion to compel and that $65 per hour was an appropriate rate)). Therefore, the Court finds that Picciola's rate of $120.00 per hour is unreasonable, and finds that $65.00 per hour is an appropriate rate for her work on the motion.

### b. Mary Jo Roberts

Mary Jo Roberts ("Roberts"), an associate attorney, also seeks fees in connection with the motion to compel. (R. Doc. 26-4, p. 1.) Roberts contends that her hourly rate is $160.00. (R. Doc. 26-4, p. 2.) In support of her fee application, Roberts submitted an affidavit indicating that she has been licensed to practice law in Louisiana since 2006, and has therefore been licenced for approximately four years. (R. Doc. 26-4, Exh. C., ¶ 4.) She is a graduate of Loyola University's College of Law. *Id.* She further contends that she represents clients in the areas of labor and employment law litigation.

After reviewing the prevailing market rates for legal services in this area from case law, the Court concludes that a rate of $160.00 is appropriate and reasonable for Roberts's work on the motion. *See Davis v. Am. Sec. Ins. Co.,* Civ. A. 07-1141, 2008 WL 12228896 (E.D.La. May

28, 2008) (Roby, J.) (awarding hourly rate of $125.00 for an attorney with one (1) year of legal experience); *Creecy v. Metro. Prop. and Cas. Ins. Co.,* Civ. A. 06-9307, 2008 WL 553178, at *3 (E.D.La. Feb.28, 2008) (Roby, J.) (awarding a $175.00 an hour to a lawyer who had practiced law for five (5) years and $200.00 an hour to an attorney with eleven (11) years of experience); *Drs. Le and Mui, Family Med. v. St. Paul Travelers,* Civ. A. 06-10015, 2007 WL 4547491, at *2-3 (E.D.La. Dec.19, 2007) (Roby, J) (awarding hourly rates of $175.00 to an attorney with seven (7) years of legal experience and $200.00 for an attorney with eleven (11) years of experience). Therefore, after reviewing the prevailing market rates for legal services in this area, the Court concludes that a rate of $160.00 is an appropriate and reasonable rate for Roberts.

### c.     Maria Nan Alessandra

Maria Nan Alessandra ("Alessandra"), a partner, also seeks the award of attorney's fees in connection with the motion to compel. (R. Doc. 26-3, p. 1.) Alessandra contends that her standard hourly rate is $250.00. (R. Doc. 26-3, Exh. B., ¶ 9.) In support of her fee application, Alessandra submitted an affidavit indicating that she has been licensed to practice law in Louisiana since October, 1985, and Texas since January, 1993, and therefore, has been practicing law for approximately 25 years. (R. Doc. 26-3, Exh. B., ¶ 5.)

Although her educational background was not disclosed, she served as a judicial law clerk to the Honorable A.J. McNamara in the United States District Court for the Eastern District of Louisiana prior to joining Phelps Dunbar. (R. Doc. 26-3, Exh. B., ¶ 7.) At Phelps Dunbar, she practices in the areas of labor and employment and general business litigation. (R. Doc. 26-3, Exh. B., ¶ 5.)

After reviewing the prevailing market rates for legal services in this area from the case law, the Court concludes that the rate of $250.00 is appropriate and reasonable for Alessandra's work on the motion. *See Wells v. Regency Hosp. Co.,* 2008 WL 5273712 (E.D. La.)(Roby, J.)(awarding hourly rates of $200.00 for attorney with 16 years of experience); *Reed v. Auto Club Family Ins. Co.*, 2008 WL 3851683 (E.D. La.)(Roby, J.)(awarding hourly rate of $250.00 for attorney with 27 years of experience).

### B.     Determining the Reasonable Hours Expended

The Defendants certify that its attorneys spent a total of 17.0 hours in their efforts to secure compliance with Filson's duty to respond to their Interrogatories and Requests for Production. (R. Doc. 26-2, p. 6.)  They further contend that the amount of hours spent yields a fee award of $2,768.00.  Tulane contends that the hours and time submitted are reasonable within the meaning of the lodestar, and should therefore be awarded by the Court. (R. Doc. 26-1, p. 5.)

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation and time records of the hours reasonably expended and proving the exercise of "billing judgment." *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir.1997); *Walker,* 99 F.3d at 770.  Attorneys must exercise "billing judgment" by excluding time that is unproductive, excessive, duplicative, or inadequately documented when seeking fee awards. *Id.* (*citing Walker v. United States Dep't of Housing & Urban Dev.,* 99 F.3d 761, 769 (5th Cir.1996)).  Specifically, the party seeking the award must show all hours actually expended on the case but not included in the fee request. *Leroy v. City of Houston*, 831 F.2d 576, 585 (5th Cir. 1987). Hours that are not properly billed to one's client also are not properly billed to one's adversary. *Hensley*, 461 U.S. at 434.  The remedy for failing to exercise billing judgment is to reduce the hours

awarded as a percentage and exclude hours that were not reasonably expended. *Id.* Alternatively, this Court can conduct a line-by-line analysis of the time report. *See Green v. Administrators of the Tulane Educational Fund*, 284 F.3d 642 (5th Cir. 2002).

The Defendants indicate that they exercised billing judgment, by having an associate primarily work on the motion to compel. Further, they assert that the only partner level involvement was minimal, and only occurred when it was necessary. (R. Doc. 26-1, p. 3.) In addition, the Defendants assert that they provided Filson with numerous discovery extensions in order to avoid filing the motion to compel. (R. Doc. 26-1, p. 4.) Further, the Defendants assert that they are only seeking recovery for the costs actually billed in connection with the motion to compel. (R. Doc. 26-1, p. 3.)

The Defendants did not, however, provide the Court with evidence that they excluded any hours worked on the case that were unproductive, excessive, duplicative, or inadequately documented. As a result, the Court finds that the Defendants failed to exercise billing judgment. Therefore, the Court will proceed with its line-by line analysis of the billing statement to determine the reasonableness of the fees requested.

### a. **Pam Picciola**

Pam Picciola asserts that she spent .60 hours on the motion to compel. The time spent included key citing case law, reviewing available hearing dates, and preparing the motion to compel for filing with the Court.

To recover for paralegal fees, the services rendered by the paralegal must be legal in nature, or work traditionally performed by an attorney. *Jones v. Armstrong Cork Co.*, 630 F.2d 324, 325, n. 1 (5th Cir. 1980.) Work that is legal in nature includes factual investigation, locating and

interviewing witnesses, assisting in discovery, compiling statistical and financial data, checking legal citations, and drafting correspondence. *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989). Legal activities undertaken by paralegals must be distinguished from activities that are clerical or secretarial in nature, including typing, copying, or delivering pleadings. *Id*. Clerical and secretarial tasks cannot be billed at paralegal rates. *Id*.

The Court finds that the .20 hours billed by Picciola for "preparing the motion to compel for filing with the court" is unreasonable because it is administrative in nature as the Court utilizes electronic filing. Likewise, the Court finds that the .20 hours billed for reviewing the Court's website regarding hearing dates is unreasonable because it is administrative in nature. Therefore, the Court strikes both entries, and finds that Picciola contributed .40 of services on the matter.

        **b.**     **MaryJo Roberts**

The Defendants assert that Robert spent a total of 15.6 hours in relation to the motion to compel. The Court finds that the billing submitted by the Defendants for Mary Jo Roberts is not reasonable in several respects.

The billing records are unclear as to what entries relate to the underlying motion to compel and which entries relate to the reply memorandum to the plaintiff's opposition to the motion to compel. There are several entries which indicate that work was completed on the motion to compel that are dated several days after the motion had been filed. Therefore, the Court finds that the hours billed for both the motion to compel and the reply memorandum are unclear.

Further, even when judging whether the entry refers to the motion or the reply memorandum by looking to the date that the task was completed, the Court finds that the amount of time spent on each is unreasonable. By deducing which task related to which document by the date the task was performed, the record indicates that Roberts spent a total of 2.9 hours on the motion to compel and

9

7.6 hours on the reply memorandum. Without the captions, headers, signature lines, and certificates of service, the motion to compel and supporting memorandum would only consist of a combined total of four(4) pages. The reply memorandum was approximately seven pages. However, neither the motion to compel nor the reply memorandum were particularly complicated nor dealt with unique issues of law or fact.   In addition, the time billed for both the motion to compel and the reply memorandum include duplicate billing. Specifically, Roberts has two entries, each for one (1) billable hour, on June 16, 2010, for reviewing legal authorities relating to the motion to compel. For these reasons, the Court finds that the time billed on the motion to compel and the reply memorandum are unreasonable. As a result, the Court reduces the amount of time spent on the motion to compel from 2.9 hours to 1.5 hours and the amount of time spent on the reply memorandum from 7.6 hours to 3.8 hours.

Roberts also billed for .40 hours for communications with Meredith Whitten regarding the Motion to Compel. However, Meredith Whitten, and her involvement with the case, were not disclosed. Therefore, the Court excludes the .40 hours billed in connection with communications between Roberts and Meredith Whitten because the entry was inadequately documented.

The Court further finds that Roberts's June 2, 2010, entry for "reviewing information from the clerk of court regarding discovery hearing," is inadequately documented. (*See* R. Doc. 26-2, p. 4.) It is unclear what type of correspondence from the clerk's office would require .20 hours to review. Therefore, the Court strikes this entry.

Roberts also billed for a total of 2.9 hours for reviewing arguments and cases, and outlining matters to prepare for the motion to compel. The Court finds that 2.9 hours is excessive given the routine issue that was the subject of the hearing. Therefore, the Court reduces the time spent preparing for the motion to compel to 1.0 hours.

10

Therefore, the Court finds that the 15.6 hours billed by Roberts is unreasonable. As a result, the Court finds that 6.5 hours is the reasonable time spent by Roberts on this matter.

### c.      Nan Alessandra

The Defendants assert that Alessandra spent a total of .80 hours on the motion to compel. The Defendants further assert that Alessandra was only involved with the motion to compel when it was necessary. However, on June 21, 2010, Alessandra billed .10 hours for "receipt and review minute entry on motion to compel being on briefs." The Court sees no reason why this was a necessary task for a partner, and therefore strikes the entry.

Further, Alessandra charged for .10 hours for a memorandum written to Meredith Whitten regarding the motion to be taken on the briefs. As discussed in section III(B)(b) of this opinion, Meredith Whitten, and her involvement with the motion, were not identified to the Court. For these reasons the Court reduces Alessandra's billed hours from .80 to .60 hours.

As a result, the Court finds that the total reasonable hours expended by Picciola, Roberts, and Alessandra was 7.50 hours. Therefore, the reasonable fees for the subject motion to compel was $1,216.00.[3]

### C.      Adjusting the Lodestar

As indicated above, after the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson,* 488 F.2d 714. To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998). The Defendants contend that they do not seek an adjustment of the

---

[3]This number was reached by multiplying Picciola's reduced rate of $65.00 per hour by .40 hours, Roberts rate of $160.00 multiplied by her reduced hours of 6.5, and Alessandra's rate of $250.00 by her reduced hours of .60. This totaled $26.00, $1,040.00, and $150.00, respectively.

11

Lodestar. Therefore, the Court finds that an adjustment upward is not warranted.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that the **Motion to Fix Attorneys Fees Pursuant to Court Order of July 30, 2010** (**R. Doc. 26**) **is GRANTED**. The Court finds that a total fee of **$1,216.00** is reasonable in the matter here.

**IT IS FURTHER ORDERED** that the Plaintiff shall satisfy his obligation to the Administrators of the Tulane Education Fund no later than **twenty (20) days** from the issuance of this Order.

New Orleans, Louisiana, this 4th day of October 2010

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**